In the Matter of BOSTON & PROVI-
DENCE RAILROAD CORP.,
Debtor.

Boston & Providence Railroad Develop-
ment Group, Appellant.

No. 7703.

United States Court of Appeals,
First Circuit.

Dec. 24, 1970.

Armistead B. Rood, Boston, Mass., for appellant.

Robert W. Meserve, Boston, Mass., with whom Laurence M. Channing, Hill & Barlow, Benjamin H. Lacy, Nutter, McClennen & Fish, James Garfield, and Choate, Hall & Stewart, Boston, Mass., were on brief, for the Reorganization Managers of the Boston & Providence Railroad Corp. and others, appellees.

Charles W. Mulcahy, Jr., Boston, Mass., for Charles W. Bartlett, Trustee in Reorganization of the Boston & Providence Railroad Corp., appellee.

Paul A. Sweeney, Atty., Dept. of Justice, for the United States, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Appellant appeals two orders entered by the District Court for the District of Massachusetts. The first authorized the trustees and reorganization managers of the debtor, Boston & Providence Railroad, to petition the Interstate Commerce Commission for authority to consummate a Plan of Reorganization previously approved by the I.C.C. and the courts. Appellants objected that approval of the Plan would give the Penn-Central Railroad, which had just announced its bankruptcy, title to Boston & Providence property.

We have serious doubts as to our jurisdiction over this claim. Appellant makes no effort to address this issue. Its brief is primarily concerned with issues previously litigated, In re Boston & Providence Railroad Corporation, 413 F.2d 137 (1969), cert. denied sub nom.

Boston & Providence Railroad Development Group v. Bartlett, 397 U.S. 979, 90 S.Ct. 1103, 25 L.Ed.2d 390 (1970), reh. denied, 397 U.S. 1071, 90 S.Ct. 1496, 25 L.Ed.2d 696, and we do not think it can raise them again, even in this guise of contesting a court order. *See* 11 U.S.C. § 208. Even if we have jurisdiction, we see no merit to appellant's claim. We do not perceive that the substitution of the insolvent Penn-Central for the insolvent New Haven will increase the incentive to dispose of Boston & Providence's property at less than a fair value. Moreover, under the Plan, the Penn-Central trustee is bound by his fiduciary duty to seek fair market value; an independent "charge trustee" has a duty to monitor sales and leasing activities of the Penn-Central trustee; and disputes between the two are subject to arbitration. These provisions constitute institutional safeguards against any action by Penn-Central (or its successor) which might jeopardize the interests of the holders of Boston & Providence securities. The district court found that Penn-Central's bankruptcy is not sufficient ground to reopen issues already extensively litigated for 32 years at a time when prompt consummation of the Plan of Reorganization is essential. We see no reason to overrule this decision.

 Appellant's second claim is that the court's final order approving a sale of certain real estate by the trustee in reorganization is an abuse of the district court's discretion. There is no merit to this claim. The trustee represented that an expert appraisal of the real estate had verified the price as fair. Appellant in reply says only that by waiting until Boston & Providence obtains title to certain adjacent real estate, the trustee might be able to sell all the real estate in one package for a greater sum, that this sum might exceed $500,-000, and that a different procedure of approving the sale might then be called for. This argument substitutes conjecture for fact.

Appellants also offered at argument a compilation of miscellaneous material ranging from testimony to newspaper clippings, which we deem irrelevant and therefore reject. They also submitted a "Motion for Relief from an Unconstitutional Taking" which, so far as we can understand it, is an appeal to our inherent equity power to deal with this matter in disregard of the statutory procedure. We deem the motion frivolous.

The reorganization managers of Boston & Providence have filed a motion for the assessment of costs attributable to the delay occasioned by this appeal and request that we reserve judgment until a future time when evidence can be marshalled and presented. We reserve judgment as to both liability and amount.

Affirmed.