### In the Matter of BOSTON & PROVIDENCE RAILROAD CORPORATION, Debtor.

### No. 62413.

United States District Court, D. Massachusetts.

Nov. 18, 1982.

Armistead B. Rood, Washington, D.C., Joseph B. Hyman, Arlington, Va., Albert B. Wolfe, Cambridge, Mass., for Boston & Providence Development Group.

Arthur P. Schmidt (charge trustee), Charles W. Bartlett (organization trustee), Charles W. Mulcahey, Boston, Mass., for Shawmut Bank of Boston.

Edwin K. Taylor, Assoc. Gen. Counsel, New York City, John E. Vanderstar, Washington, D.C., Harris G. Gorab, John M. Hall, Boston, Mass., for Penn. Central Corp.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on December 27, 1978, pursuant to a petition by the Boston & Providence Railroad Development Group (Development Group) for extension of the term of the equitable charge.

The Plan of Reorganization for the Debtor (Plan) was approved by the Interstate Commerce Commission (Commission) in 1966, *Boston & Providence Railroad Reorganization,* 327 I.C.C. 10, and was approved by this Court on November 8, 1966. *In re Boston & Providence Railroad Corporation,* 260 F.Supp. 415. The Plan provided for an equitable charge upon Boston & Providence's real estate in favor of Boston & Providence stockholders for the proceeds of all real estate sales (producing at least $500,000) for uses other than railroad freight service or passenger trains. This equitable charge covered all sales made during the period ending December 31, 1978. An appeal by the Development Group from this Court's order approving the Plan was dismissed by the First Circuit Court of Appeals for want of diligent prosecution on March 29, 1967, and rehearing was denied

on April 18, 1967. The Group's petitions for mandamus to the First Circuit and for certiorari were denied by the Supreme Court of the United States in 1967. *Boston & Providence Stockholders Development Group v. United States Court of Appeals for the First Circuit,* 389 U.S. 967, 88 S.Ct. 500, 19 L.Ed.2d 497, *Boston & Providence Stockholders Development Group v. Bartlett,* 389 U.S. 974, 88 S.Ct. 475, 19 L.Ed.2d 467. The Plan was subsequently submitted to and duly accepted by creditors and stockholders of the Debtor, as evidenced by the certificate filed by the Commission in this Court on February 29, 1968.

Thereafter, the Development Group filed a petition with the Commission under 11 U.S.C. § 208(a)(1) urging reconsideration because of alleged changes and new developments. The Commission denied this petition on September 16, 1968. *Boston & Providence Railroad Corporation,* 333 I.C.C. 713. The Development Group requested reconsideration of this denial and that request was denied on October 31, 1968. The Development Group did not appeal the Commission's decision of September 16, 1968.

On November 4, 1968, this Court, over the Development Group's objections, confirmed the Plan and denied two motions filed by the Development Group seeking to postpone confirmation and to return the Plan to the Commission. The Development Group's motion to return the Plan to the Commission raised the same issues disposed of by the Commission in its aforesaid report of September 16, 1968.

On July 28, 1969, the First Circuit Court of Appeals affirmed this Court's orders of November 4, 1968. *In re Boston & Providence Railroad Corporation,* 413 F.2d 137 (rehearing denied August 21, 1969). The United States Supreme Court denied the Development Group's petition for certiorari on March 16, 1970, and denied rehearing on April 27, 1970. 397 U.S. 979, 90 S.Ct. 1103, 25 L.Ed.2d 390 and 397 U.S. 1071, 90 S.Ct. 1496, 25 L.Ed.2d 696.

The terms of the Indenture of Equitable Charge (Indenture) called for by Paragraph 3 of the Plan were approved by the Commission by supplemental order dated July 24, 1969, and were approved by this Court, after hearing and without objection by the Development Group, on December 22, 1969.

On May 14, 1970, the New Haven trustee (the purchaser of the Debtor's property pur-

suant to the Plan) was authorized by the United States District Court for the District of Connecticut to join with the Debtor's trustee and reorganization managers in a petition to the Commission for authority to execute, issue and deliver the various instruments required for the consummation of the Plan. On June 5, 1970, the Debtor's trustee and reorganization managers applied to this Court for similar relief. On June 22, 1970, this Court, over the Development Group's objection, granted the requested relief and denied a motion of the Development Group, filed that day, for a temporary injunction against all further action to consummate the Plan. On July 8, 1970, this Court denied the Development Group's motion to reconsider and vacate the aforesaid order of June 22, 1970.

On December 24, 1970, the Court of Appeals affirmed this Court's order authorizing consummation of the Plan. *In re Boston & Providence Railroad Corporation,* 435 F.2d 825 (1st Cir.). The Development Group's petition for certiorari was denied by the Supreme Court on May 17, 1971, 402 U.S. 989, 91 S.Ct. 1665, 29 L.Ed.2d 154, and rehearing was denied on June 21, 1971, 403 U.S. 940, 91 S.Ct. 2249, 29 L.Ed.2d 720.

On February 16, 1971, the United States District Court for the District of Connecticut authorized the New Haven trustee to consummate the Plan.

On February 23, 1971, this Court entered the Consummation Order and Final Decree (Final Decree). On April 2, 1971, the United States District Court for the Eastern District of Pennsylvania authorized the Penn Central trustees to acquire the Debtor's property pursuant to the Plan. *In the Matter of Penn Central Transportation Company,* 329 F.Supp. 702 (E.D.Pa., 1971).

As appears from the Certificate of Consummation filed in these proceedings, the Plan was, in fact, consummated on April 20, 1971.

This Court lacks jurisdiction over the subject matter of the petition by virtue of the Final Decree entered in these proceedings on February 23, 1971. The term of equita-

ble charge was provided for in the Plan which has been approved, confirmed and consummated. The Group's petition seeks to amend the Plan and to change rights which have vested on and after consummation. Section X, Paragraph 2(g), of the Final Decree unequivocally states that "nothing in this Paragraph 2 [The paragraph providing for reservation of jurisdiction] shall be construed as a reservation of jurisdiction to change the Plan or any of the rights vested thereunder ...." Any relief of the kind or analogous to the kind of relief sought by the petition will be in fact and law the creation of a new and different equitable charge, on new and different terms and conditions, for a different period of time, and by a different act from the equitable charge created by the Indenture, and will not be an "extension" of the lien created by the Indenture.

Accordingly, I rule that the Development Group's petition should be denied.